■ Rogan LLC et al., Respondents, v YHD Bowery Commercial Unit LLC, Appellant. [18 NYS3d 338]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 8, 2014, which denied defendant's motion for summary judgment on its counterclaims, and granted plaintiffs' cross motion for summary judgment declaring that they are not obligated under the parties' agreements to pay any part of the facade restoration assessment levied against defendant was charged, unanimously affirmed, with costs.

The unambiguous language of the lease agreement between plaintiff Rogan, as tenant, and defendant landlord does not require Rogan to pay any part of the facade assessment levied against defendant (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). Paragraph 41 (B) (2) of the lease provides that after the condominium conversion, "and in lieu of CAM [common area maintenance] Costs described in paragraph (B) (1) above," "Tenant shall pay . . . [its] Proportionate Share of [the] monthly Common Charges levied against the Commercial Unit; and other special or regular assessments against the Commercial Unit." However, paragraph 41 (B) (1) (c) provides that "costs for capital improvements, to the extent that same are not in furtherance of reasonable or necessary maintenance of the building," "shall not be included as CAM Costs." We reject defendant's argument, without regard to any other provision of the lease, that the obligation set forth in paragraph 41 (B) (2) to pay "other special or regular assessments against the Commercial Unit" requires Rogan to pay a proportionate share of the facade assessment.

Defendant's reliance on a sole provision in support of imposing this payment obligation on plaintiffs renders meaningless other provisions of the lease that require all tenants to comply with documents relating to the condominium conversion and that make clear that the tenant's monetary obligations under the lease will not increase as a result of this compliance (*see 112 W. 34th St. Assoc., LLC v 112-1400 Trade Props. LLC*, 95 AD3d 529 [1st Dept 2012], *lv denied* 20 NY3d 854 [2012]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Saxe and Richter, JJ.